OPINION
This is an accelerated calendar appeal. Appellant, Mark E. Dragomire, appeals from his conviction and sentence on a charge of domestic violence in violation of R.C. 2919.25(A) in the Warren Municipal Court.[1] Appellee, the state of Ohio, has filed no brief in opposition to this appeal. For the reasons that follow, we affirm the conviction and sentence.
The charge alleged a violent attack against Susan Dragomier, his wife, at their marital residence at 7:00 p.m. on September 28, 1995.
On August 13, 1996, appellant and the prosecution appeared in court as part of a plea bargain whereby appellant would agree to plead no contest to charges of disorderly conduct and failure to desist in exchange for probation. The trial court, however, refused to consider probation, and the plea was withdrawn.
Subsequently, on August 16, 1996, appellant requested full discovery in preparation for trial. The record reveals that although the state did not respond to this request, appellant never pursued this issue with the trial court. Appellant also filed a motion to suppress and a motion in limine on August 16, 1996, arguing that testimony from the arresting officers must be excluded due to the unlawful arrest of appellant and the officers' alleged failure to give Miranda warnings at the time of the arrest.[2]
Before the motion was to be heard, appellant's trial counsel on August 22, 1996 filed an affidavit of prejudice against the presiding judge in the case, pursuant to R.C. 2937.20. In the affidavit, appellant's counsel alleged the following:
 "That on several occasions, Judge Lynn B. Griffith, Jr. of the Warren Municipal Court has informed this practitioner that if this practitioner continued to file Motions to Suppress in criminal cases, that upon denial of my motion and later finding of guilt against my criminal defendants/clients, he would, in fact, assess `double' or more severe penalties upon said defendants for availing themselves of their constitutional rights requesting the suppression of illegally obtained evidence[.]"
In the affidavit, appellant's counsel requested that Judge Griffith be removed from the instant case, as well as all other pending criminal cases before Judge Griffith in which appellant's counsel was involved. Attached to the affidavit was a letter written by appellant's counsel and dated August 14, 1996. In the letter, appellant's counsel asked Judge Griffith to recuse himself from all pending criminal cases in which appellant's counsel was involved for the reasons stated above. The letter reveals that appellant's counsel was, at that time, involved in approximately eight criminal cases before Judge Griffith in August 1996.
Also attached to the affidavit was Judge Griffith's response to the request to recuse himself. In a letter dated August 16, 1996, Judge Griffith agreed to recuse himself from two apparently contemporaneous cases, but denied recusal in the remaining cases, including the instant case.[3] Judge Griffith stated: "I assure you that any indication of sentences in those [remaining] cases are to be disregarded and the Court will impose sentence in all cases pursuant to statute."
A hearing on the affidavit was held on August 30, 1996, before Judge W. Wyatt McKay of the Trumbull County Court of Common Pleas.[4] At the hearing, Judge Griffith testified that the instant case was not the case which was the subject of the judge's remarks. Further he indicated that he had only intended to give appellant's counsel a "friendly tip" that he might be inclined to increase penalties in cases in which criminal defense counsel filed frivolous motions to suppress, in order to deter the filing of such frivolous motions.
Judge Griffith made a clear distinction between legitimate motions to suppress and frivolous ones. He indicated that he had never attempted to discourage valid motions to suppress. He also pointed out that his remarks to the attorney were a one-time occurrence, and, that the remarks were conditional and not absolute in nature, contrary to the attorney's affidavit.
At the hearing, Judge Griffith further testified that he had rethought the issue and had decided it would be unfair to the defendants to increase penalties, even in cases where an accused's attorney filed a frivolous motion to suppress. Judge Griffith stated: "[I]t doesn't seem proper to me to punish a defendant for an attorney's performance and I am not prepared to do that. I am prepared to say, as I did in my letter to * * * [appellant's counsel], that there will be no increased penalty for any type of motion that he cares to pose."
The presiding judge of this hearing, Judge McKay, concluded that the affidavit of disqualification should be denied. He stated at the close of the hearing:
 "I think all judges have to rethink issues sometimes when things happen to them. And at this point, * * * [appellant's counsel], the judge, having stated for the record that he has rethought this issue and will not punish you for the things alleged, I am going to deny the disqualification of this judge on your cases. I do think that him [sic] stating on the record — it takes, in my opinion, when someone has made a mistake and admits it, that's pretty big, and I believe that he has done that and that's good enough for me at this stage of the proceeding to deny the disqualification."
In his subsequent judgment entry overruling the affidavit of disqualification, Judge McKay stated: "Upon Judge Lynn B. Griffith, Jr.'s statement in open court that he will not penalize criminal defendants for seeking due process and that he is not prejudice [sic] against * * * [appellant's counsel] or his clients, this Court denies the [the affidavit of disqualification] * * *."[5]
The case proceeded to a bench trial before Judge Griffith on November 19, 1996. Prior to trial, appellant's counsel made an oral motion to the court, again asking Judge Griffith to recuse himself for the reasons stated in the affidavit of prejudice. This motion was refused, and the matter went to trial.
As part of the trial, appellant's counsel called appellant's sister, Michelle Pellegrini, to the stand. Pellegrini testified that appellant was at her home at the time the incident was alleged to have occurred, 7:00 p.m. The prosecution immediately objected to her testimony, arguing that the defense had failed to file a notice of alibi as required by Crim.R. 12.1. The court sustained the objection, but allowed Pellegrini to testify that appellant had spent time at her home on the day of the alleged attack. The trial court found appellant guilty as charged and sentenced him to a six-month jail term, with three months suspended; ordered him to pay costs; and placed him on probation for two years. The execution of sentence was stayed pending appeal. From his conviction and sentence, appellant perfected a timely appeal, asserting two assignments of error:
 "[1.] JUDGE W. WYATT McKAY OF THE TRUMBULL COUNTY COURT OF COMMON PLEAS COMMITTED PREJUDICIAL ERROR IN FAILING TO DISQUALIFY JUDGE LYNN B. GRIFFITH, III FROM SERVING AS TRIAL JUDGE ON [sic] APPELLANT'S AFFIDAVIT OF PREJUDICE.
 "[2.] THE TRIAL COURT ABUSED ITS DISCRETION IN EXCLUDING ALIBI [sic] OFFERED BY APPELLANT IN HIS DEFENSE."
In his first assignment of error, appellant challenges Judge McKay's decision to overrule his affidavit of disqualification of Judge Griffith. R.C. 2937.20 governs the procedure for disqualification of an inferior court judge or magistrate in Ohio. It states:
 "When a magistrate or a judge of a court inferior to the court of common pleas is interested in a cause pending before the magistrate or judge, is related to or has a bias or prejudice either for or against a party to a cause pending before the magistrate or judge or to a party's counsel, or is otherwise disqualified to sit in a cause pending before the magistrate or judge, on the filing of an affidavit of such party or counsel, setting forth the fact of that interest, relationship, bias, prejudice, or disqualification, the clerk or deputy clerk of the court, or the magistrate, shall enter the filing of the affidavit on the docket in that cause, and, forthwith notify the presiding judge of the court of common pleas or, if there is no presiding judge of the court, then a judge of the court of common pleas * * * shall proceed without delay to examine into the affidavit, and, if the judge finds from all the evidence that the alleged interest, relationship, bias, prejudice, or disqualification exists, the judge shall designate another magistrate * * * or another judge of the inferior court * * * to hear and determine that cause." (Emphasis added.).
When a common pleas court judge denies an affidavit of disqualification pursuant to R.C. 2937.20, an appellate court must affirm the denial unless the judicial discretion exercised by the court was "`* * * to an end or purpose wholly unjustified by and clearly against reason and evidence * * *.'" Moreland Hills v.Kelley (May 18, 1989), Cuyahoga App. No. 55399, unreported, at 3, 1989 Ohio App. LEXIS 1876, quoting State ex rel. Pratt v. Weygandt
(1956), 164 Ohio St. 463, 471; accord Jackson Twp. v. Stickles
(Mar. 21, 1996), Franklin App. No. 95APC09-1264, unreported, at 21-22, 1996 Ohio App. LEXIS 1054.
As previously indicated, the statements complained of apparently constituted a single incident and were not made with particular reference to the instant case. And, as Judge Griffith pointed out, the transcript also confirmed his statement that the extra penalty was something he said he "could" do, not something he "would" do. Judge Griffith also expressed a thoughtful reconsideration of his position on frivolous motions, as well as a reaffirmation of his continuing support of valid suppression motions.
Consequently, we cannot say that Judge McKay's exercise of judicial discretion was "to an end or purpose wholly unjustified by and clearly against reason and evidence." Kelley; Stickles.
Judge McKay found that no prejudice or bias currently existed within the meaning of R.C. 2937.20, and thus, properly overruled the motion to disqualify Judge Griffith from this case. Appellant's first assignment of error is without merit.
In appellant's second assignment of error, he argues that the trial court abused its discretion and committed reversible error by excluding alibi testimony offered by appellant's sister. We disagree.
The Ohio Rules of Criminal Procedure require a criminal defendant who desires to introduce evidence of an alibi on his behalf to give written notice of this intent not less than seven days before trial. Crim.R. 12.1; State v. Jamison (1990),49 Ohio St.3d 182. Absent notice, a trial court may exclude alibi evidence "unless the court determines that in the interest of justice such evidence should be admitted." Crim.R. 12.1; Jamison
at 188. When reviewing a trial court's decision to exclude alibi evidence, an appellate court must determine whether the trial court abused its discretion. Jamison. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Montgomery (1991), 61 Ohio St.3d 410,413.
In State v. Smith (1985), 17 Ohio St.3d 98, the Supreme Court of Ohio held that: "Crim.R. 12.1 should be construed liberally and not be applied where no prejudice would accrue to the prosecution, where there is a demonstrable and excusable showing of mere negligence, or where there is good cause shown." Smith at paragraph two of the syllabus. In Jamison, the Supreme Court referred to Smith, but reaffirmed the importance of enforcing the alibi notice requirement. The Supreme Court stated: "To refuse to enforce an alibi notice requirement would be to nullify it."Jamison at 188.
The basis of the objection to the alibi testimony was that no notice had been provided in a timely fashion. No reason was given by defense counsel for the failure to file a timely notice of alibi. No request for a continuance was made. Although counsel pointed out that the prosecution also failed to comply with discovery, we note that appellant's discovery request was untimely. Further, the record showed no order to compel was ever sought.
Moreover, even if the alibi had been admitted, we fail to see that it would have made a difference as to the outcome of the trial. Thus, any error in its denial was harmless. The victim testified; the attending police officer testified; the mother of the victim testified; and appellant's sister, Pellegrini, testified. Photographs of the victim's condition were entered. Even Pellegrini acknowledged that she saw scratches on appellant's face and arms.
Thus, there was little doubt that a physical assault took place, and, that the victim identified appellant as the perpetrator. Pellegrini's testimony may have raised some conflict as to when the assault took place, but as noted before, she testified that prior to appellant's arrival at her home, he sustained noticeable scratches to his arms and face. Thus, the sole defense witness' testimony was corroborative, to some degree, of the fact that some sort of altercation took place. Thus, we would find at worst, harmless error in light of the almost unchallenged evidence of guilt. See Crim.R. 52(A). Accordingly, the assignment is without merit.
In light of the foregoing analysis, appellant's two assignments of error are without merit. The judgment of the trial court is affirmed.
JUDITH A. CHRISTLEY, PRESIDING JUDGE.
O'NEILL, J., (JOSEPH) Ret., Seventh Appellate District, sitting by assignment, concur.
[1] Upon review of the record, we found that Mark's last name is spelled differently throughout the various pleadings. For the purposes of this appeal, "Dragomire" will be spelled consistent with its spelling in the original complaint.
[2] Appellant later filed a motion to withdraw the motion to suppress on November 7, 1996. Presumably, this motion to withdraw also included the motion in limine.
[3] Judge Griffith indicated that he agreed to recuse himself from those two cases "because of confusion the Court created as to possible sentences in those cases."
[4] We note that there is some irregularity with the certification of the transcript of this hearing. However, as appellee has not bothered to file an answer brief contesting the transcript, we will presume regularity in the proceedings below.
[5] Although the instant matter had been filed with the court at the time the judge's cautionary statements were made, it was not yet actively at issue before the court as were the two cases from which Judge Griffith did recuse himself.