Appellant, Daniel R. Desellems, appeals from the judgment of the Lake County Court of Common Pleas which denied his Crim.R. 32.1 motion. Appellee, the State of Ohio, has filed an answer brief. For the reasons which follow, we affirm the judgment of the trial court.
On October 10, 1986, appellant was indicted on three counts of aggravated murder in violation of R.C. 2903.01. The indictment alleged that appellant purposely caused the death of Kevin Casteel, Boyce Casteel, and Barbara Casteel while committing the offense of aggravated arson. The three counts carried death penalty specifications. A fourth count charged appellant with aggravated arson in violation of R.C. 2909.02. According to the state, appellant threw "Molotov Cocktails" constructed with gasoline in mason jars into the home of Kevin Casteel, with whom appellant had been fighting earlier in the evening. The Casteels were asleep in the home at the time, and all three perished in the fire due to smoke inhalation.
Prior to the return of the indictment, appellant and his defense counsel had entered into an agreement with the prosecution whereby appellant agreed to take a polygraph exam in an attempt to clear himself as a suspect in the case. In return, the prosecution agreed that it would not use the "results" of the polygraph against appellant in any criminal proceeding.
Pursuant to the agreement, appellant and his counsel reported for the polygraph exam on September 28, 1986. Lee G. Feathers ("Feathers") of Associate Security administered the exam. Appellant's counsel was not permitted to be present during the exam. Portions of the exam involved a question and answer session during which time appellant made incriminating remarks. When the exam was over, appellant's counsel returned to the room with appellant and Feathers to discuss the results of the exam.
Although the entire exam and this last discussion were videotaped, we do not have a copy of that videotape or a transcript of the same in the record before this court. Nor do we have any indication from Feather's report in the record of what was said during this last session when the exam was over.
Following his indictment, it appears that a disagreement arose as to whether the state could use any of the admissions made by appellant during the polygraph exam against him at trial. Appellant then retained new counsel who filed a motion to suppress any and all evidence obtained through the polygraph examination. As one of the grounds in support of the motion, appellant's new counsel alleged that appellant's previous counsel was ineffective for allowing appellant to take the exam when the previous counsel was not entirely familiar with the polygraph examination process, thus leading to the subject dilemma for the defense.
It appears from the record that a hearing was held on this motion to suppress, however we have no transcript of that hearing in the record before this court. The original trial court found appellant's motion well taken in part and suppressed all statements made by appellant prior to the moment when his counsel returned to discuss the case with Feathers in appellant's presence. As to these last statements, however, the original trial court found that the agreement between the parties did not encompass those statements made after the completion of the polygraph exam.
Appellant subsequently filed an affidavit to have the presiding judge disqualified from the case on the grounds that he was unfairly prejudiced against appellant. Although the Supreme Court of Ohio did not find that the presiding judge was prejudiced against appellant, a new judge was assigned to hear the case so as to avoid even the appearance of impropriety. Appellant's counsel then filed a motion for reconsideration of the previous decision on the motion to suppress, seeking to exclude those statements made when the exam was over.
Nevertheless, the new presiding judge upheld the decision of the previous judge. On November 4, 1987, appellant pled guilty to lesser-included offenses which did not carry the death penalty, to wit: one count of murder in violation of R.C.2903.02 and two counts of involuntary manslaughter in violation of R.C. 2903.04(A). The fourth aggravated arson count was dismissed with leave of court.
Approximately ten years later, on October 22, 1997, appellant filed a pro se motion to withdraw his guilty pleas pursuant Crim.R. 32.1 in the Lake County Court of Common Pleas on the grounds that his first counsel's incompetence caused him to be coerced into entering his guilty pleas.
This subsequent trial court summarily denied appellant's Crim.R. 32.1 motion without a hearing on February 25, 1998. Appellant perfected a timely appeal of this decision, proceeding pro se. He asserts three assignment of error:
 "[1.] TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA INSPITE [sic] OF THE PRESENSES [sic] OF A CLEAR MANIFEST INJUSTICE DUE TO LACK OF HIGHLY COMPETANT [sic] COUNSEL.
 "[2.] TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA INSPITE [sic] OF THE PRESENSES [sic] OF A CLEAR MANIFEST INJUSTICE BY NOT GIVING APPELLANT A FULL COMPLETE AND IMPARTIAL HEARING.
 "[3.] TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION BY NOT ISSUING FINDINGS OF FACTS AND CONCLUSIONS OF LAW WHEN DENYING A MOTION TO WITHDRAW GUILTY PLEA."
Initially, we note that appellant's ineffective assistance of counsel claim is one which essentially goes to the voluntariness of his pleas before the original trial court. Appellant is arguing that his first counsel's ineffectiveness created a situation whereby he was coerced into pleading guilty to the crimes charged. Thus, to the extent that this allegation could be fairly determined without resort to matters outside of the record, appellant was required to bring a direct appeal of his conviction and sentence on the grounds that his guilty pleas were not knowingly, intelligently, and voluntarily made.
However, despite the fact that appellant retained new counsel at the time of entering his guilty pleas, he did not bring a direct appeal before this court. As a result, a strong argument can be made that appellant's subsequent Crim.R. 32.1 motion is barred by the doctrine of res judicata. See State v.Perry (1967), 10 Ohio St.2d 175. See, also, State v. Shorter
(Oct. 2, 1998), Montgomery App. No. 16983, unreported, at 5, 1998 Ohio App. LEXIS 4649. Nevertheless, because it is not entirely clear that appellant's claims could have been fairly determined on the record below in a direct appeal, we will address the merits of appellant's argumentation.
In his first assignment of error, appellant argues that the trial court erred and abused its discretion by denying his Crim.R. 32.1 motion. Crim.R. 32.1 provides
 "Withdrawal of Guilty Plea. A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. Crim. R. 32.1; State v. Smith
(1977), 49 Ohio St.2d 261, paragraph one of the syllabus. The motion is addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court. Id. at paragraph two of the syllabus. Such a motion is allowable only in extraordinary circumstances. Id. at 264.
An appellate court will review the trial court's determination of the Crim.R. 32.1 motion for an abuse of discretion. State v. Blatnik (1984), 17 Ohio App.3d 201, 202; accord State v. Battaglia (Mar. 26, 1993), Lake App. Nos. 92-L-011 and 92-L-085, unreported, at 4, 1993 Ohio App. LEXIS 1725. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v.Montgomery (1991), 61 Ohio St.3d 410, 413.
In the case at bar, appellant argues that his guilty plea was brought on by the ineffective assistance of his first counsel, and thus, that a manifest injustice occurred. According to appellant, his first counsel's deficient performance created a situation where the state was ultimately able to violate the terms of their agreement and use admissions he made during the polygraph exam against him in court. Thus, according to appellant, he was left with no choice but to plead guilty below. As previously indicated, appellant believes he was coerced into pleading guilty.
In order to demonstrate ineffective assistance of trial counsel in the context of a guilty plea conviction, the defendant must demonstrate that trial counsel's performance was deficient and that the defendant was prejudiced thereby since there is reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart (1985),474 U.S. 52. Appellant has the burden of proving both prongs of the test.
Even if we assume for the sake of argument that appellant's first counsel was deficient for allowing appellant to make statements at the close of the exam while counsel discussed the case with Feathers, appellant has failed to inform the court of what statements or admissions were made by him during this time when he was not protected by the agreement. Nor does the record contain any transcript of the hearing on the motion to suppress which might have informed the trial court and this court of what allegedly incriminating statements were made. As a result, there is no way to assess how prejudicial any of appellant's alleged statements may have been; and, thus, no way to assess whether there is reasonable probability that appellant would not have pled guilty absent the alleged errors.
Moreover, the record before this court does not indicate that a manifest injustice occurred. First, the record reveals that appellant was represented by new counsel at the time he entered the pleas. There was no allegation that this counsel's representation was deficient. Indeed, this counsel helped appellant obtain a plea bargain with the state whereby appellant was able to avoid the death penalty.
Second, the transcript of the plea hearing in the record before this court indicates that the original trial court meticulously complied with the dictates of Crim.R. 11 when it accepted appellant's guilty pleas. This raises the presumption that his guilty pleas were valid. State v. Perry (May 2, 1997), Trumbull App. No. 95-T-5315, unreported, at 8-9, 1997 Ohio App. LEXIS 1793. Additionally, appellant showed remorse for his actions during the sentencing hearing and did not proclaim his innocence to the court.
Third and finally, "[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." Smith at paragraph three of the syllabus. Here, appellant's ten year delay is inexcusable considering that his second trial counsel raised virtually identical arguments in the 1986 motion to suppress. Appellant's first assignment of error is without merit.
In the second assignment of error, appellant argues that he was entitled to a hearing on his Crim.R. 32.1 motion. We disagree. A hearing on a defendant's Crim.R. 32.1 motion is not required if the facts averred by the defendant in an affidavit, and accepted as true by the court, would not require that the guilty plea be withdrawn. Blatnik at 204; accord Perry at 8. See, also, State v. Woodruff (Feb. 13, 1998), Clark App. No. 97-CA-19, unreported, 1998 Ohio App. LEXIS 468; State v. Rhoades (June 28, 1996), Wyandot App. No. 16-96-5, unreported, 1996 Ohio App. LEXIS 2801; State v.Cosavage (June 28, 1995), Summit App. Nos. 17074 and 17075, unreported, 1995 Ohio App. LEXIS 2830.
In the case at bar, appellant failed to attach any affidavits in support of his motion. Moreover, as previously indicated in the first assignment, none of appellant's undocumented argumentation demonstrates that a manifest injustice occurred. Thus, the trial court was not obligated to grant appellant a hearing on his motion. Appellant's second assignment of error is without merit.
In his third and final assignment of error, appellant argues that the trial court erred by denying his Crim.R. 32.1 motion without issuing written findings of fact and conclusions of law. This court and others, however, have held that the trial court has no such duty when denying a Crim.R. 32.1 motion.State v. Dewey (Dec. 4, 1998), Ashtabula App. No. 98-A-0027, unreported, at 9-10, 1998 Ohio App. LEXIS 5821; State v. Talley
(Jan. 30, 1998), Montgomery App. No. 16479, unreported, at 12, 1998 Ohio App. LEXIS 233. Appellant's third assignment of error is without merit.
In light of the foregoing analysis, appellant's three assignments of error are without merit. The judgment of the trial court is affirmed.
 ----------------------------------- PRESIDING JUDGE JUDITH A. CHRISTLEY
NADER, J., O'NEILL, J., concur.
HON. JUDITH A. CHRISTLEY, P.J., HON. ROBERT A. NADER, J., HON. WILLIAM M. O'NEILL, J., JUDGES.