OPINION
Appellant, Carol H. Griffith, appeals from the Geauga County Common Pleas Court decision granting appellee, Dennis R. Griffith, a modification of his spousal support obligation. Mrs. Griffith's spousal support payment was reduced from $2,000 to $1,000 per month. For the reasons that follow, we affirm the judgement of the trial court.
The parties were divorced in August of 1988, after over twenty-three years of marriage. They had two children, one of which was fourteen years old at the time of the divorce. As a term of the divorce, the trial court awarded Mrs. Griffith $2,000 in monthly spousal support payments. In 1992, when the minor child reached the age of majority, Mr. Griffith filed a motion which included a request for termination or reduction in the amount of spousal support. After a hearing on December 15, 1992, the referee found the need for spousal support continued but that the amount should be reduced. Both parties filed objections to the referee's recommendations. On March 18, 1993, the trial court adopted the referee's recommendations and ordered a reduction of the monthly payment to $1,700. Mr. Griffith filed an appeal in this court at that time. Griffith v. Griffith (June 17, 1994), Geauga App. No. 93-G-1778, unreported (Griffith I).
Griffith I was submitted on appellant's brief. Mrs. Griffith failed to file a timely brief. Her motion to file a brief instanter was overruled. Relevant to the current case, Griffith I assigned as error the trial court's failure to grant a larger reduction in the amount of spousal support. This court, upon reviewing the record, found the trial court did not create an adequate record to allow for proper appellate review of the amount of the reduction. Id. at 7. In the absence of the trial court's rationale explaining how it arrived at a reduction of $300, based on evidence in the record this court found Mr. Griffith's assertions "meritorious" that there should be a further modification. Id. at 8. Griffith I was reversed and remanded for further hearings consistent with the court's opinion in 1994.
Hearings were held on December 9, 1994, on April 24, 1995, and on May 23, 1995, regarding the issue raised on remand. Based on the testimony at the hearings, the referee recommended a further reduction in the spousal support payment to $1,000 per month. Mrs. Griffith's objections to the report were overruled and the trial court adopted the recommendations, entering judgment on August 30, 1995.
Mrs. Griffith appealed that decision in Griffith II.Griffith v. Griffith (January 24, 1997), Geauga App. No. 95-G-1947, unreported. Mrs. Griffith raised for the first time the issue of whether the trial court had subject matter jurisdiction to even consider a modification of support. This court responded to that issue as follows:
 "In appellant's first set of arguments under her first assignment of error, she asserts, for the first time before this court, that the trial court lacked subject matter jurisdiction to modify spousal support. Appellant asserts that appellee did not present evidence, as required under 3105.18(E), to establish that a change in circumstances occurred requiring a modification in the level of her support. Rather, appellant argues, appellee's reasons for requesting a modification in support were based on facts that previously existed or were within the knowledge of the trial court at the time of the original spousal support award.
 "Appellant acknowledges that she did not appeal the trial court's first judgment on March 11, 1993 (ordering a reduction of spousal support of $300 per month) and that this court reversed and remanded that decision of the trial court for the sole purpose of ascertaining an appropriate modification of spousal support. Appellant further acknowledges that, pursuant to the doctrine of the law of the case, a `decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' (Citations omitted.) Nolan v. Nolan
(1984), 11 Ohio St.3d 1, 3. One aspect of the doctrine is that, upon remand to the trial court following an appeal, `the trial court is without authority to extend or vary the mandate given.' (Citations omitted.) Id. at 4.
 "Consequently, as we remanded this case to the trial court for the limited purpose of providing the trial court the opportunity to state specific reasons for the modification of spousal support, the trial court was without authority, based on the extent of our remand, to consider the change in circumstances which justified modification of spousal support in the first place." (Emphasis sic.) Id. at 8-9.
Griffith I was remanded on the narrow issue that the trial court had failed to set forth sufficient details and reasoning to allow for judicial review of the modification of support under the abuse of discretion standard. This same issue was the only issue appropriately before the court in Griffith II. However, the court did indulge the litigants with an explanation as to why, under the abuse of discretion standard, there was sufficient evidence in the record to support the trial court's initial assumption of jurisdiction. Id. at 9-10. In Griffith II appellant, Mrs. Griffith, assigned as error that the trial court erred to her prejudice by reducing her support payment from $2,000 to $1,000. In reviewing the record this court found, once again, that the trial court's judgment was deficient because it failed to set forth with sufficient detail the basis for the modification, or to indicate that it had considered all the relevant factors. Id. at 12-13. Griffith II was remanded again on the narrow issue that the trial court must set forth it's findings and conclusions with sufficient detail to allow proper appellate review.
On remand from this court, the trial court reviewed the transcripts of the 1995 hearings and considered written arguments submitted by the parties. Judgment was entered on October 15, 1997, setting the level of support at $1,000. In that judgment entry, the trial court noted that in its initial ruling of March 18, 1993, it found there was a substantial change of circumstances, that the court of appeals had declined to reverse this determination twice, and that it was not revisiting that issue in its present judgment. With respect to the issue of modification of support, the judgment entry sets forth the factors the trial court considered, the facts it found which are relevant to its decision, and the rationale for is legal conclusion. From this judgment, appellant filed a timely notice of appeal and now presents the following one assignment of error:
 "The trial court erred to the prejudice of defendant- appellant by reducing spousal support from $2000.00 per month to $1,000.00 per month."
Appellant divides this assignment of error into seven sub-issues, which we will address in order. The first issue raised by the appellant is that "a court may reduce spousal support only if there has been a substantial change of the circumstances of either party that was not contemplated at the time of the original award of support." At this point, as was indicated by the court in Griffith II, this court's ruling in Griffith I resolved that issue. This court declines to revisit that issue now (in Griffith III). In any case, to raise this issue now appellant would first have had to address the doctrine of the law of the case, and also to offer some evidence and argument that the court must revisit the issue to prevent injustice. Even had she done so, it is unlikely she would prevail.
In her second issue, appellant argues Mr. Griffith did not carry his burden with respect to establishing he was entitled to a modification of the support order. Again, following the facts and logic as stated with respect to the first issue, this question has previously been resolved.
Appellant's issues three, four, and five claim the trial court abused its discretion and acted against the manifest weight of the evidence by basing the amount of modification of the support order upon Mrs. Griffith's allowing her mother and son to live rent free in her house; upon her giving the income from a rental property to her son; and upon her granting her son a $40,000 interest free loan for ten years. "The term `abuse of discretion'(* * *) connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. (* * *), State v. Adams (1980),62 Ohio St.2d 151,157 * * *." (Parallel citations omitted.) State v.Montgomery (1990), 61 Ohio St.3d 410, 413. "[J]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. We must indulge every reasonable presumption in favor of the lower court's judgment and finding of facts. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 79-80.
This court need not agree with a lower court's judgment on a particular issue so long as the court has not abused its discretion. With respect to the mother living in Mrs. Griffith's home, there is evidence that the mother used to pay $200 per month, and now pays nothing. Their son was attending college at the time of the divorce and at the time of the modification he had graduated and now is working. The court based its decisions upon the equities of the situation. Therefore, we cannot say the court abused its discretion in considering these facts. With respect to the rental property, the evidence at the time of the divorce was there was no net income from this property. The evidence at the modification hearings was the son was receiving $600 income per month from this property. The court acknowledged the claims the son paid various expenses with this money, however, Mrs. Griffith did not provide the court with any evidence as to dollar amounts to indicate how much was not income. Again, the lower court based its decision upon the equities of the situation. In equity, it was not unreasonable or arbitrary for the court to consider income Mrs. Griffith chose to forego. The court did not abuse its discretion in considering all the potential income sources of the parties. That includes the $40,000 interest free loan to her son. Construing the evidence consistently with the lower court's judgment, we conclude there is competent and credible evidence establishing a basis for the amount of modification consistent with the equities.
In her sixth issue, appellant argues a finding of the inequity of the spousal support order was improper because "inequity" is a legal conclusion. She argues in this case it was not supported by any facts and, therefore, there was no basis to draw that conclusion. Furthermore, she argues that "equity" is not a factor to be considered under R.C. 3105.18(C). Appellant's basis for claiming there were no facts before the court is her argument that it was not proper in the first place for the court to consider the facts enumerated with respect to issues three, four, and five. R.C. 3105.18(C)(1) states in pertinent part:
 "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, * * * the court shall consider all of the following factors:
"* * *
 "(n) Any other factor that the court expressly finds to be relevant and equitable."
The statute does open the door to consideration of any factor not listed which the court finds to be relevant to the equities of the situation. Therefore, the court does have the authority to consider facts relevant to the equities. There was evidence before the court that Mr. Griffith's ability to pay support had been diminished. Concurrently, there was evidence before the court that Mrs. Griffith was choosing to forego income from various other sources, as enumerated in issues three, four and five. Therefore, construing the evidence consistently with the court's judgment, we cannot say it abused its discretion in resolving the inequity by fixing the amount of the modification consistent with the amount of income the court found Mrs. Griffith was choosing to forego.
Appellant's last issue claims the trial court abused its discretion and acted against the manifest weight of the evidence by failing to consider all of the factors listed in R.C.3105.18(C). In its judgment entry the trial court indicates that it did consider all the factors and that it found no substantial changes in factors (a) through (m). The only other factor is section (n), which it based its decision upon. Because it based its decision solely on section (n) and set forth its basis and reasoning in that respect, we are not going to require the court to enumerate specific findings of fact with relation to factors (a) through (m). The court specifically indicated that it did consider each of them. Because they did not bear on the court's judgment, that is sufficient.
For the foregoing reasons, we affirm the judgment of the trial court.
FORD, P. J., NADER, J., concur.