OPINION
Defendant-Appellant Daniel Van Lieu was indicted on June 8, 1990 for one charge of rape (under 13) and three counts of gross sexual imposition (under 13). On that same day, Van Lieu pled guilty to all charges. He was later sentenced to eight to twenty-five years on the rape count and two years each for the gross sexual imposition charges, to be served concurrently with each other, but consecutively to the rape sentence. After an evidentiary hearing on March 17, 2000, the trial court designated Van Lieu to be a sexual predator. Van Lieu now appeals this decision raising the following assignments of error:
 The trial court's decision designating Appellant a sexual predator is contrary to the manifest weight of the evidence.
 The court abused its discretion in designating Appellant a sexual predator.
Since both assignments allege the trial court erred in classifying Van Lieu as a sexual predator, we will address them together. In reviewing this case, we examined the House Bill 180 Screening Instrument, the presentence report dated August 6, 1990, and Van Lieu's institutional records, which include certificates of completion of sexual offender programs, job evaluations, psychologist report, evidence of community service, and a GED certificate. Further, we reviewed the transcript of proceedings at the classification hearing.
When reviewing a manifest weight claim, the appellate court "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [decision] must be reversed and a new trial ordered." State v.Thompkins (1997), 78 Ohio St.3d 380, 387. A trial court's decision should only be overturned in extraordinary situations when evidence weighs heavily against it. Id. Van Lieu also alleges the trial court abused its discretion in designating him as a sexual predator. It is well settled that an abuse of discretion only exists where the court's attitude is unreasonable, arbitrary or unconscionable. State v.Montgomery (1991), 61 Ohio St.3d 410, 413.
In order to classify an individual as a sexual predator, the trial court must find, by clear and convincing evidence, that the individual has been convicted of or pled guilty to a sexually oriented offense and "is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). A clear and convincing standard of proof "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Ohio State BarAssn. v. Reid (1999), 85 Ohio St.3d 327, 331. This standard requires more than a preponderance of the evidence, but less than the level of certainty required for beyond a reasonable doubt. Id.
The trial court must consider the following factors found in R.C.2950.09(B)(2) when determining whether an individual is a sexual predator:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
At the classification hearing, the trial court individually addressed each factor and the applicable evidence presented, ultimately finding clear and convincing evidence that Van Lieu is a sexual predator. With regard to the first factor, the trial court assigned some weight in favor of Van Lieu to his age of thirty-seven, being past the higher risk age of committing sexual offenses. Second, the court gave weight to Van Lieu's prior criminal record, particularly that he was on parole from an arson offense at the time these crimes were committed.
The trial court placed great significance on the age of the victims in this case. A sexual offense against victims aged five and seven demonstrates a pedophilic profile which tends to indicate a higher likelihood of recidivism. See State v. Maynard (1999),132 Ohio App.3d 820, 826; State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported. The Daniels court supports this principle as follows:
 [T]he overwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable.
 Daniels, supra, at p. 3.
The factor regarding multiple victims also concerned the trial court because there were two victims in this case. The existence of multiple child victims can indicate a pattern of molesting in general, and therefore may increase the possibility of recidivism. See State v.Morton (May 7, 1999), Montgomery App. No. 17225, unreported, at p. 3. Consequently, the trial court placed great emphasis on this factor. In addition, the court found it troubling that this abuse occurred over a period of several months, again indicating a pattern, which is a high risk factor.
Although the record does not demonstrate any evidence of cruelty as stated in factor (i), the court stressed the importance of Van Lieu's relationship with the victims. Because they were his niece and stepdaughter, he was in a position of control over the victims, which the trial court accorded some weight. Finally, the trial court found the remaining factors to be neutral.
Moreover, the trial court considered Van Lieu's record and accomplishments while incarcerated. While there was no evidence that Van Lieu completed the Monticello sex offender program, there were certificates verifying that he had completed other sex offender training. In addition, he had no disciplinary record, and there was no evidence of any substance abuse. All of these factors weigh in favor of Van Lieu, but the court did not find them sufficient to override the evidence supporting the factors as previously noted.
We find that the trial court properly addressed all of the evidence presented at the hearing and applied it to the factors listed in R.C.2950.09(B)(2). After reviewing the record, we agree that there was clear and convincing evidence to find Van Lieu to be a sexual predator. Therefore, the decision was not against the manifest weight of the evidence, nor was it an abuse of discretion. Accordingly, both of Van Lieu's assignments of error are overruled. Judgment affirmed.
 _________________________ FAIN, J.,
WOLFF, J., and YOUNG, J., concur.