[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On February 1, 2000, a jury returned verdicts finding the appellant, Malcolm X. Stinson, guilty of two counts of rape and two counts of kidnapping. Stinson was sentenced to a total of twenty-five years of confinement and was found to be a sexual predator.
One rape, with the attendant kidnapping, was that of a seventeen-year-old female, and was alleged to have occurred on September 24, 1999. The other rape and kidnapping was that of a fourteen-year-old female, and was alleged to have been committed on June 1, 1999. The same jury acquitted Stinson of the alleged June 22, 1999, rape and kidnapping of a young adult female.
Through counsel other than his trial counsel, Stinson has given us eight assignments of error. The first and second raise the combined issues of whether the court erred by overruling Stinson's motion for severance and admitting evidence of specific instances of his sexual activity in violation of R.C. 2907.02(D) and (E), and Evid.R. 404(B).
The decision whether to sever the charges against Stinson was confided to the sound discretion of the trial court. State v. Bowling (Aug. 14, 1998), Hamilton App. No. C-970595, unreported, citing State v. Schaim
(1992), 65 Ohio St.3d 51, 600 N.E.2d 661; see, also, State v. Torres
(1981), 66 Ohio St.2d 340, 421 N.E.2d 1288. Where, as here, the evidence of the joined offenses is reasonably simple and distinct, and is so uncomplicated and direct that it can reasonably be separated as to each offense, a court does not abuse its discretion in refusing to sever the offenses for trial. The record persuades us that the jury clearly segregated the proof required for each rape and kidnapping. See Statev. Mills (1992), 62 Ohio St.3d 357, 582 N.E.2d 972. Additionally, Stinson's defense rested, in part, upon imperfect identification of him as the perpetrator and upon a relatively inchoate theory that the alleged victims had formed a "conspiracy of rumor" to convict him. Again, the record convinces us that evidence of Stinson's other acts, viz., several rapes and kidnappings, was, pursuant to Evid.R. 404(B), admissible to prove, inter alia, his identity and the plan or system he had used in the commission of the charged offenses. Accordingly, the first and second assignments are overruled.
The third assignment is that the court erred by communicating with a juror in Stinson's absence. Immediately before closing arguments were about to commence, the court was advised through its bailiff that a juror had said that another juror had "already made up her mind about the case." The court then met privately with counsel to discuss the technique with which to address the problem presented by the communication. After receiving advice from both, the court decided to, and did, interview the juror in chambers without the presence of counsel, but on the record. Defense counsel objected merely "to preserve for the record." During the colloquy in chambers, the juror explained that a chance remark that the deliberations should not take long had been misinterpreted. The record demonstrates that the juror did not have a closed mind, and that the remark would not affect the juror's deliberation. This provided a sufficient basis to allow the juror to remain on the panel.
In State v. Montgomery (1991), 61 Ohio St.3d 410, 575 N.E.2d 167, the Ohio Supreme Court considered a question parallel to that posed by the third assignment. There, the judge presiding over the trial of a defendant charged primarily with capital murder interviewed a juror during the penalty phase after the juror's impartiality had been questioned. When the Supreme Court reviewed the record, it held that the juror had "adequately responded" to the judge's questions and that "nothing in the record affirmatively establish[ed] that [the juror] was biased." Id. at 418, 575 N.E.2d at 174. Resultantly, the court found the trial court had not abused its discretion in refusing to remove the juror from the panel. Upon the record in the case sub judice, we reach the same conclusion and hold the third assignment of error not to be well taken.
The fourth assignment is that the court erred in overruling Stinson's motion to suppress pretrial identification by means of a photo array. Stinson argues that the array was unduly suggestive. The prosecution did not utilize evidence of the out-of-court identification when it adduced testimony from the identifying witness in open court. Defense counsel cross-examined the witness and the police investigator who had presented the array to the witness. The array itself does not appear in the record as an exhibit, although it was identified as such. We note that the several in-court identifications of Stinson as the perpetrator of the offenses were positive and unwavering. Upon the facts, we find no palpable prejudice to Stinson stemming from the denial of his motion to suppress the evidence, and, accordingly, his fourth assignment is overruled.
The fifth assignment is that the court erred in imposing maximum sentences for counts one and three and consecutive sentences for counts one, two and three. The assignment is overruled because the record demonstrates that the court complied with the mandates in R.C. 2929.14(E). The testimony with respect to the harm inflicted, physically and emotionally, upon the young victims was persuasive to demonstrate the appropriateness of the sentences under R.C. 2929.11. The extent of Stinson's record of delinquency as a juvenile and later criminal misbehavior, recited by the court to him before sentence was passed, was overwhelming proof that the sentences were required to fulfill legislative purposes.
The sixth assignment states that "[t]he trial court erred to the prejudice of defendant-appellant by sentencing him to consecutive sentences for rape and kidnapping as there was only a single animus." Stinson contends that, with respect to the seventeen-year-old-female named as the victim in counts one (rape) and two (kidnapping), the court erred in imposing consecutive sentences because the two offenses were allied and of similar import. Accordingly, Stinson argues, the two counts should have been merged by force of R.C. 2941.25.
We cannot agree. When the directives in State v. Rance (1999),85 Ohio St.3d 632, 710 N.E.2d 699, are applied to the clearly established facts in this case, the counts cannot be merged. The kidnapping of the victim was an act, or series of acts, separate and distinct from the rape. She was prevented from leaving the bathroom where she had gone when Stinson physically blocked the doorway. Then she was pulled or dragged onto the bed in an adjacent room, where she was compelled to remove her clothing, was choked forcibly and was again prevented from escaping from the apartment. The offenses, resultantly, were separate, and the court did not err in treating them as such for sentencing purposes. Therefore, the assignment is overruled.
The seventh assignment advances the claim that the court erred in declaring Stinson to be a sexual predator on evidence that fell short of establishing, clearly and convincingly, that he is likely to commit a future sexually-oriented offense. In its allocution to Stinson, the court recounted the series of adjudications and convictions that had marked Stinson's past. As a juvenile, his record included an instance of gross sexual imposition and multiple adjudications for assault, disorderly conduct, drug trafficking, and resisting arrest. As an adult, Stinson had been convicted of resisting arrest and trafficking in and possession of drugs; he had also served a prison term for carrying a concealed weapon and had failed to complete at least one period of probation. Although Stinson's counsel responded by presenting the arguments upon which the fifth and sixth assignments are predicated, Stinson, himself, did not accept the court's invitation to speak before sentence was passed.
We hold that the nature and extent of Stinson's record of criminal conduct and his clear lack of any remorse for the violent rapes supported, overwhelmingly, the court's holding that he is a sexual predator as defined by R.C. 2971.01(H)(1), and that they satisfied R.C.2971.01(H)(2). Therefore, the seventh assignment is overruled.
The eighth assignment is that the verdicts were contrary to the manifest weight of the evidence. To reverse a judgment on the manifest weight of the evidence, we must, as we have here, review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice. See State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717, 720, cited with approval in State v. Thompkins
(1997), 78 Ohio St.3d 380, 678 N.E.2d 541; see, also, State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212. We are persuaded on this record that the eighth assignment is without merit, and it is, therefore, overruled.
For the reasons given, all eight assignments of error are overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.