OPINION
{¶ 1} Anthony Ginyard is appealing the judgment of the Montgomery County Common Pleas Court, which denied his motion for scientific testing.
 {¶ 2} Ginyard was convicted of kidnapping, rape, and gross sexual imposition on May 18, 1998. The trial court merged Ginyard's rape and kidnapping convictions, sentencing him to ten years on the rape and kidnapping conviction that was to be served consecutive to an eighteen month sentence on the gross sexual imposition conviction. In March 18, 1999, Ginyard appealed his convictions, and the State appealed the merger of the rape and kidnapping convictions. This Court affirmed Ginyard's convictions and reversed the trial court's merger of the rape and kidnapping convictions. Ginyard was subsequently resentenced to ten years on both the rape and kidnapping convictions that were to be served concurrently to each other but consecutive to the eighteen month conviction on the gross sexual imposition.
 {¶ 3} In his appeal Ginyard argued that his convictions were against the manifest weight of the evidence and that he had received ineffective assistance of counsel. The basis for his ineffective assistance of counsel argument was that Ginyard's trial counsel had failed to present evidence to the jury that a Caucasian hair was found on the absorbent sheet on which the victim sat during her rape examination. As both Ginyard and the victim were African American, Ginyard argued this hair could have identified another perpetrator. However, Ginyard was mistaken in his belief that the evidence was not presented to the jury. Although no testimonial evidence was presented on the hair, the crime lab reports regarding the Caucasian hair were introduced at trial and entered into evidence as Joint Exhibits I and II. Therefore, this Court found Ginyard did not receive ineffective assistance of counsel.
 {¶ 4} On March 17, 1999, Ginyard filed a petition for post-conviction relief in which he alleged ineffective assistance of counsel. Ginyard's petition for post conviction relief was based on the same argument regarding the Caucasian hair as in his direct appeal. The petition for post-conviction relief was overruled. Ginyard appealed the denial of his petition for post conviction relief but this Court affirmed the denial on January 14, 2000. Ginyard additionally filed a second petition for post-conviction relief that was denied as untimely and was affirmed on appeal on April 13, 2001.
 {¶ 5} On September 9, 2002, Ginyard filed several motions with the court, including a motion for scientific testing. In his request for scientific testing, Ginyard sought to have a DNA test conducted of the Caucasian head hair found on the absorbent sheet on which the victim sat during her rape examination. Ginyard asserted that such a DNA test could prove his innocence. The trial court denied his request on the basis of res judicata. Ginyard has filed this appeal of that judgment.
 {¶ 6} Ginyard raises the following assignment of error:
 {¶ 7} "Trial court abused its authority and committed plain error when it denied defendant-appellant herein his constitutional right to prove his innocence to the charges."
 {¶ 8} Ginyard argues that scientific testing on the Caucasian hair would prove his innocence, and therefore, the trial court abused its discretion in denying the testing. We disagree.
 {¶ 9} An appellate court will only reverse a trial court's exercise of discretion upon a finding that the court abused its discretion. Martin v. Martin (1985), 18 Ohio St.3d 292,294-295. An abuse of discretion amounts to more than an error of law or judgment but indicates the court's attitude was "unreasonable, arbitrary or unconscionable."State v. Montgomery
(1991), 61 Ohio St.3d 410, 413, quoting State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 10} In discussing the doctrine of res judicata, the Supreme Court of Ohio has stated:
 {¶ 11} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Perry
(1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
 {¶ 12} However, an exception to this res judicata rule exists if a defendant presents new competent, relevant and material evidence dehors, or outside, the record. State v. Smith (1985),17 Ohio St.3d 98. Yet, "the evidence dehors the record must not be evidence which was in existence and available for use at the time of trial and which could and should have been submitted at trial if the defendant wished to use it." State v. Slagle (Aug. 10, 2000), 8th Dist. No. 76834; see also State v. Lawson, 10 Dist. 02AP-148, 2002-Ohio-3329, at ¶ 16. Thus, the evidence must not be "cumulative of or alternative to evidence presented at trial." State v. Fears (Nov. 12, 1999), 1st Dist. No. C 990050, at 3.
 {¶ 13} However, the Supreme Court has cautioned that "res judicata does not bar a subsequent motion for relief from judgment when the subsequent motion is based on different facts, asserts different grounds for relief, and `it is not certain that * * * [the] issue `could have been raised' in the prior motions.'" Coulson v. Coulson (1983), 5 Ohio St.3d 12, 17.
 {¶ 14} Ginyard essentially argues in his request for DNA testing of the hair that a DNA analysis of the hair would prove that the hair did not belong to him. However, as this Court discussed in Ginyard's previous appeals, the jury at Ginyard's trial had the evidence that a Caucasian hair was found on the absorbent sheet on which the victim sat during her rape examination. Further, the jury was able to view Ginyard and the victim at the trial and were aware they were not Caucasian. Therefore, the jury was presented evidence that a hair was found on the absorbent sheet on which the victim sat during her rape examination that did not belong to Ginyard or the victim. Yet, despite this evidence, the jury found Ginyard guilty. Thus, a DNA analysis of the hair would not demonstrate that Ginyard was innocent as he asserts. In fact, the DNA evidence would only be cumulative evidence that the Caucasian hair was neither Ginyard's nor the victim's hair.
 {¶ 15} As the evidence Ginyard seeks would merely be cumulative of evidence that was presented at Ginyard's trial and raised in his previous motions for post-conviction relief, this does not amount to new relevant, material evidence. Therefore, Ginyard's request for DNA testing of the Caucasian hair is barred by res judicata. The trial court did not abuse its discretion in so finding or in denying Ginyard's motion for scientific testing. Ginyard's assignment of error is without merit and is overruled.
 {¶ 16} The judgment of the trial court is affirmed.
Brogan, J. and Grady, J., concur.