OPINION
{¶ 1} Appellant, Derrick L. Cobb, appeals from the January 3, 2007 judgment entry of the Portage County Court of Common Pleas, in which he was sentenced for trafficking in drugs.
 {¶ 2} On June 15, 2006, appellant was indicted by the Portage County Grand Jury on two counts: count one, trafficking in drugs, a felony of the third degree, in violation of R.C. 2925.03(A)(1) and (C)(4)(c); and count two, possessing criminal tools, *Page 2 
a felony of the fifth degree, in violation of R.C. 2923.24(A) and (C). Appellant entered a not guilty plea at his arraignment on June 19, 2006.
 {¶ 3} A jury trial was held on August 31, 2006, on the trafficking charge. Count two of the indictment, possessing criminal tools, was dismissed prior to trial.
 {¶ 4} At the trial, Agent Paul Fafrak ("Detective Fafrak"), with the Kent Police Department and assigned as investigator for the Portage County Task Force ("Task Force"), testified for appellee, the state of Ohio. According to Detective Fafrak, in June of 2006, the Task Force received two anonymous phone calls that two particular individuals, identified only by their street names, "D.C." and "Sonya," were in Windham trafficking in crack cocaine. The Task Force was unable to positively identify the two persons. A confidential informant ("CI") who had been working with the Task Force for several months approached Detective Fafrak and indicated that she could possibly make a "buy" from D.C. and Sonya. Thus, Detective Fafrak scheduled a "buy bust" operation.
 {¶ 5} On June 12, 2006, Detective Fafrak met with the CI, and after searching her, the CI placed a phone call and made arrangements to meet D.C. and Sonya at a gas station in Windham. After waiting at the scene for a few minutes, D.C, who was later positively identified as appellant, arrived and exited the driver's side of a red Chevrolet Lumina. Appellant entered Detective Fafrak's vehicle and sat in the front passenger seat. Appellant handed the CI a clear plastic baggy of crack cocaine. The CI immediately handed the baggy to Detective Fafrak. Detective Fafrak inquired about the weight, and indicated that appellant informed him that it weighed three grams. Detective Fafrak testified that appellant continued to describe the quality of the drug and *Page 3 
that he always had cocaine available. After Detective Fafrak handed appellant $250 and stated the "code phrase," other officers moved in and arrested appellant.
 {¶ 6} At the conclusion of appellee's case, appellant moved for an acquittal pursuant to Crim.R. 29, which was overruled by the trial court. Appellant did not put on any witnesses.
 {¶ 7} Following the trial, the jury found appellant guilty of trafficking in drugs, a felony of the fourth degree, and determined that the amount of crack cocaine exceeded one gram but was less than five grams.[1]
 {¶ 8} Pursuant to its January 3, 2007 judgment entry, the trial court sentenced appellant to nine months in prison.[2] It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 9} "[1.] Defense counsel's performance amounted to ineffective assistance of trial counsel as counsel failed to object to the instructions proposed by the court and failed to request an instruction for [appellant's] entrapment defense.
 {¶ 10} "[2.] [Appellant's] [d]rug [trafficking conviction was against the manifest weight of the evidence.
 {¶ 11} "[3.] The trial court erred by failing to instruct the jury on the affirmative defense of entrapment."
 {¶ 12} In his first assignment of error, appellant alleges that his trial counsel was ineffective because he failed to object to the instructions proposed by the court and *Page 4 
failed to request an instruction for appellant's entrapment defense.
 {¶ 13} In his third assignment of error, appellant contends that the trial court committed plain error by failing to instruct the jury on the affirmative defense of entrapment.
 {¶ 14} Because appellant's first and third assignments of error are interrelated, we will address them together.
 {¶ 15} With respect to ineffective assistance of counsel,Strickland v. Washington (1984), 466 U.S. 668, 687, states:
 {¶ 16} "[a] convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable."
 {¶ 17} "* * * When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-688. State v. Bradley (1989),42 Ohio St.3d 136, 142, quoting Strickland, supra, at 694, states: "[t]o warrant reversal, `(t)he defendant must show that there is a reasonable probability that, but for counsel's *Page 5 
unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"
 {¶ 18} With regard to entrapment, no request for such an instruction was made in the instant case and no objection was made with respect to any portion of the jury instructions given by the trial court. Accordingly, appellant has waived all but plain error with respect to the instruction in question.
 {¶ 19} Crim.R. 30(A) provides in pertinent part: "[o]n appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection."
 {¶ 20} This court stated in State v. Huckabee (Mar. 9, 2001), 11th Dist. No. 99-G-2252, 2001 Ohio App. LEXIS 1122, at 16-19:
 {¶ 21} "Pursuant to [Crim.R. 30(A)], the failure to object to a jury instruction in a timely manner generally constitutes a waiver of any claimed error relative to the instructions. State v. Holley (Dec. 17, 1999), [11th Dist.] No. 98-A-0089, * * * 1999 Ohio App. LEXIS 6101, [at] 26. Under Crim.R. 52(B), however, this court has the power to recognize plain error or defects involving substantial rights even if they are not brought to the attention of the trial court. State v. Moreland (1990),50 Ohio St.3d 58, 62 * * *.
 {¶ 22} "In the context of a criminal case, a court of review should invoke the plain error doctrine with the utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice.State v. Jenks (1991), 61 Ohio St.3d 259, 282 * * *; State v. Long
(1978), 53 Ohio St.2d 91, paragraph three of the syllabus;Holley at 26. *Page 6 
Thus, plain error does not exist unless, but for the error, the outcome of the proceeding would have been different. Jenks at 282;Moreland at 62; Long at paragraph two of the syllabus; Holley at 26-27.
 {¶ 23} "Generally, `a defendant is entitled to have the jury instructed on all elements that must be proved to establish the crime with which he is charged(.)' State v. Adams (1980), 62 Ohio St.2d 151,153 * * *. See, also, State v. Comen (1990), 50 Ohio St.3d 206, * * *, paragraph two of the syllabus (holding that `after arguments are complete, a trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder.'); State v.Simon [(May 26, 2000), 11th Dist. No. 98-L-134, 2000 Ohio App. LEXIS 2272, at 15], * * *. Stated differently, a `criminal defendant is entitled to have a trial court give complete and accurate jury instructions on all issues raised by the evidence.' State v. Sneed
(1992), 63 Ohio St.3d 3, 9 * * *.
 {¶ 24} "The decision to issue a particular jury instruction rests within the sound discretion of the trial court. State v. Jones (Mar. 17, 1995), [11th Dist.] No. 94-L-060, * * * 1995 Ohio App. LEXIS 971, [at] 3. Accordingly, this court will not reverse a decision concerning the giving of jury instructions absent an abuse of discretion.Jones at 3. An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or capricious. State v. Montgomery (1990), 61 Ohio St.3d 410,413 * * *.
 {¶ 25} "To establish the affirmative defense of entrapment, the defendant must prove, by a preponderance of the evidence, that `the criminal design originated with the officials of the government, and they implanted in the mind of an innocent person the *Page 7 
disposition to commit the alleged offense and induced its commission in order to prosecute.' State v. Doran (1983), 5 Ohio St. 3d 187 * * *, paragraph one of the syllabus. However, a person who is merely given the opportunity by police to commit an offense is not entrapped.Doran at 192. Accordingly, `"where there exists credible evidence that one has the `predisposition and criminal design' to commit the acts for which he claims entrapment and he was merely provided the opportunity to commit the act for which he was `apt and willing' the defense of entrapment has not been established." `Jones at 4, quoting State v.Owens, [(Nov. 9, 1990), 11th Dist. No. 89-L-14-047,] 1990 Ohio App. LEXIS 4891, [at] 6 * * *." (Parallel citations omitted.)
 {¶ 26} In the case sub judice, the Task Force was obviously instrumental in facilitating the transaction between the CI and appellant. However, the record does not establish that appellant's conduct was indicative of an unwilling or otherwise innocent person. Furthermore, beyond cross-examination, appellant did not present any testimony on his behalf. Thus, there was no evidence offered to support appellant's allegation that he was enticed by the police to engage in an activity which he was not predisposed to commit. Jones, supra, at 4. Therefore, the evidence adduced at trial was sufficient for the jury to conclude that appellant was predisposed to commit the crime of which he was convicted. As such, appellant was not entrapped by the police.
 {¶ 27} Based on the facts presented, appellant was not entitled to a jury instruction of the affirmative defense of entrapment. Therefore, his counsel did not provide ineffective assistance by failing to request it. Pursuant to Strickland, supra, appellant fails to show that his counsel's performance was deficient and that the *Page 8 
deficient performance prejudiced the defense. The trial court did not commit plain error by failing to provide such an instruction.
 {¶ 28} Appellant's first and third assignments of error are without merit.
 {¶ 29} In his second assignment of error, appellant alleges that his conviction was against the manifest weight of the evidence.
 {¶ 30} As this court stated in State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13-15:
 {¶ 31} "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented.
 {¶ 32} "* * *
 {¶ 33} "* * * `[M]anifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.
 {¶ 34} "`In determining whether the verdict was against the manifest weight of the evidence, "(* * *) the court reviewing the entire record,weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)" `(Citations omitted.) * * *" (Emphasis sic.)
 {¶ 35} A judgment of a trial court should be reversed as being against the manifest weight of the evidence "`only in the exceptional case in which the evidence *Page 9 
weighs heavily against the conviction.'" State v. Thompkins (1997),78 Ohio St.3d 380, 387.
 {¶ 36} In the instant matter, based on the record before us, we do not agree with appellant that the weight of the evidence established that he was entrapped. Again, the testimony at trial revealed the following: the Task Force received two anonymous phone calls that "D.C." and "Sonya" were in Windham trafficking in crack cocaine. The CI placed a phone call and made arrangements to meet D.C. and Sonya at a gas station in Windham. D.C, who was later positively identified as appellant, arrived, entered Detective Fafrak's vehicle and handed the CI a clear plastic baggy of crack cocaine. Detective Fafrak inquired about the weight, and indicated that appellant informed him that it weighed three grams. Detective Fafrak testified that appellant continued to describe the quality of the drug and that he always had cocaine available. After Detective Fafrak handed appellant $250 and stated the "code phrase," other officers moved in and arrested appellant.
 {¶ 37} We note that the jury is in the best position to assess the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Here, the jury chose to believe appellee's witness, Detective Fafrak. The record reflects that appellant did not offer any defense witnesses or exhibits, and rested after appellee concluded its case in chief.
 {¶ 38} Pursuant to Schlee and Thompkins, supra, and based on the evidence presented, we cannot say that the jury clearly lost its way in finding appellant guilty of trafficking in drugs.
 {¶ 39} Appellant's second assignment of error is without merit. *Page 10 
 {¶ 40} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., concur.
[1] Appellant was originally charged with a third degree felony, but after the presentation of evidence, the indictment was amended.
[2] On January 11, 2007, the trial court issued a nunc pro tunc judgment entry, noting that count two of the indictment, possessing criminal tools, was dismissed. *Page 1