OPINION
{¶ 1} Defendant-appellant Scott Winland appeals his conviction and sentence from the Licking County Municipal Court on one count each of failure to control and operating a motor vehicle while under the influence of alcohol. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 27, 2004, appellant was cited for operating a motor vehicle under the influence of drugs/alcohol in violation of R.C. 4511.19(A)(1), failure to control in violation of R.C.4511.202 and failure to wear a seat belt in violation of R.C.4513.263. At his arraignment on November 29, 2004, appellant entered pleas of not guilty to the offenses.
 {¶ 3} A bench trial then commenced on February 3, 2005. The following evidence was adduced at trial.
 {¶ 4} At 2:30 a.m. on November 27, 2004, Trooper Rodney Hart of the Ohio State Highway Patrol was dispatched to the scene of an accident. When he arrived on the scene, the trooper found appellant's car, which had struck a tree after coming out of a curve, on the north side of the road. The driver's side door was open and appellant was lying on the ground bleeding from his face. Appellant's sister was with him. While Trooper Hart was talking to appellant, who was responsive, he detected "the strong odor of an alcoholic beverage on his breath and his person." Transcript at 6. When asked how strong the smell was, the trooper indicated that it was a 9 or 10 on a scale of 1 to 10.
 {¶ 5} When Trooper Hart asked appellant how much he had to drink, "he told me as much as his sister had." Transcript at 7. After appellant was transported to the hospital, the trooper questioned him again. Appellant then told the trooper that he had imbibed two or three beers. A blood test conducted at the hospital yielded a result of.209.
 {¶ 6} According to the trooper, there was no indication that another car was involved in the accident. When asked, based on his investigation, what he concluded had happened, Trooper Hart testified as follows: "The vehicle was traveling eastbound on Brushy Fork Road. He [appellant] was coming out of a curve. He had originally drove off the right edge of the roadway and over corrected and then came back on going all the way across, off the left side and the tree was struck right at the, right behind the B pillar, which is right behind the door on the driver's side. Again the door was swung open and the Defendant was ejected out." Transcript at 7-8.
 {¶ 7} On cross-examination, Trooper Hart testified that when he asked appellant what had happened, appellant told him that he guessed that he had "blacked out." Transcript at 10. The trooper did not know what time the accident had happened and testified on cross-examination that he did not believe that he had asked appellant what time the accident happened. He further testified that there was no one else with appellant and that he never asked appellant who was driving or if he was wearing a seat belt.
 {¶ 8} After the State rested, appellant moved for a judgment of acquittal on all of the charges, arguing that "[t]he Prosecution has not proved beyond a reasonable doubt that the Defendant was in fact the driver of the vehicle." Transcript at 16. The trial court overruled such motion.
 {¶ 9} Appellant then took the stand in his own defense. Appellant testified that he did not believe that he was under the influence of alcohol on the day in question since "the amount of alcohol in the time frame that I had drank did not entail an amount of alcohol that would have been an impairment to my driving." Transcript at 17. Appellant testified that during the period from approximately 11:00 p.m. to 1:45 a.m., he had one drink while waiting for his sister to arrive at a bar where he had stopped after having car problems. Appellant testified that he wanted his sister to follow him home due to such problems. According to appellant, he could not have been intoxicated because "[o]therwise, . . . she [appellant's sister] would have forced me to ride home with her rather than follow me home and make sure that I got this crippled car home." Transcript at 19.
 {¶ 10} Appellant further testified that he had no recollection of how the accident happened, but that he strongly believed it was a result of something other than the use of alcohol and/or impaired driving. When questioned, appellant testified that he was wearing a seat belt at the time of the accident and that he suffered injuries, including a pelvic fracture, as a result of wearing the same.
 {¶ 11} On cross-examination, appellant testified that, as a result of the accident, he had injuries to his neck. Appellant further testified that he had taken a breath test and been informed that such test yielded a result of .178.
 {¶ 12} At the conclusion of the evidence, the trial court found appellant guilty of failure to control and operating a motor vehicle while under the influence of alcohol, but not guilty of the charge of failure to wear a seat belt. As memorialized in a Judgment Entry filed on February 3, 2005, appellant was sentenced to ninety (90) days in jail, with seventy (70) days suspended, and was fined $400.00. In addition, appellant was placed on probation for a period of two years and his operator's license was suspended for a period of two years.
 {¶ 13} Appellant now raises the following assignments of error on appeal:
 {¶ 14} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION FOR A DIRECTED VERDICT OF ACQUITTAL MADE AT THE CLOSE OF THE PROSECUTION'S CASE IN CHIEF.
 {¶ 15} "THE CONVICTION OF THE DEFENDANT-APPELLANT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE TO JUSTIFY THE SAME."
 I {¶ 16} Appellant, in his first assignment of error, argues that the trial court erred in denying his Crim.R. 29(A) motion for judgment of acquittal made at the close of the State's case since the State failed to produce sufficient evidence that appellant was the operator of the vehicle in question. We disagree.
 {¶ 17} Crim.R. 29(A) requires a trial court, upon motion of the defendant, to enter a judgment of acquittal of one or more offenses charged in an indictment if the evidence is insufficient to sustain a conviction of the offense or offenses. However, a trial court may not grant an acquittal by authority of Crim. R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. On appeal of the denial of a Crim. R. 29(A) motion, the "relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Williams, 74 Ohio St.3d 569, 576, 1996-Ohio-91, 660 N.E.2d 724, citing State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 18} The first issue for consideration is whether appellant preserved the issue raised in this assignment for appeal. As is stated above, appellant's Crim.R. 29(A) motion for judgment of acquittal, which was made at the end of the State's case, was overruled. Appellant then presented evidence in his case-in-chief, but did not renew his motion for acquittal at the close of the trial. The trial court's ruling on appellant's Crim.R. 29 motion was not preserved for appeal since appellant, after presenting evidence, did not renew his motion. State v.Barnett (1990), 67 Ohio App.3d 760, 588 N.E.2d 887. See alsoState v. Jackson (March 25, 1991), Tusc. App. No. 89 AP 120091, 1991 WL 42507.
 {¶ 19} Furthermore, even assuming that issues relating to the denial of appellant's motion for judgment of acquittal are not waived, we disagree with appellant's contention that there was insufficient evidence that he was operating the motor vehicle in question at the time of the accident. At the trial in this matter, Trooper Hart testified that he and appellant's sister "were the first two there at the scene", thereby implying that appellant's sister was not in the car with appellant, but arrived on the scene later. No one else was present at the accident scene at such time. The driver's side door was open and appellant was lying on the ground bleeding from his face. Furthermore, evidence was adduced that the impact occurred behind the driver's side door. While appellant was injured, his sister was not, therefore leading to the conclusion that appellant's sister was not in the car and that appellant was in the driver's seat. In addition, when the trooper asked appellant what had happened, appellant stated that he "guessed' that he had "blacked out."
 {¶ 20} Based on the foregoing, we find that the trial court did not err in denying appellant's motion for judgment of acquittal made at the close of the State's case.
 {¶ 21} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 22} Appellant, in his second assignment of error, argues that his conviction for driving under the influence of alcohol is against the sufficiency of the evidence since there was insufficient evidence that appellant's "ability to operate the vehicle in question was appreciably impaired by his consumption of an alcoholic beverage." We disagree.
 {¶ 23} The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. See Jenks, supra. at 273.
 {¶ 24} Appellant was convicted of violating R.C.4511.19(A)(1)(a). Such section states as follows: (A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply: (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 25} In the case sub judice, appellant admitted to consuming two or three beers on the night prior to the accident and tested .209 on a blood alcohol test and .178 on a breath test. Trooper Hart testified at trial that appellant smelled very strongly of alcohol. There was no evidence that another vehicle was involved in the accident or that appellant had hit an object that caused him to lose control of his car and strike a tree. Based on his investigation, Trooper Hart concluded that appellant "had originally drove off the right side of the roadway and over corrected and then came back on going all the way across, off the left side and the tree was struck right at the, right behind the B pillar, which is right behind the door on the driver's side." Transcript at 7-8.
 {¶ 26} Based on the foregoing, we find that any rational trier of fact could have concluded beyond a reasonable doubt that appellant was driving under the influence of alcohol and that alcohol impaired his ability to operate his motor vehicle.
 {¶ 27} Appellant's second assignment of error is, therefore, overruled.
 {¶ 28} Accordingly, the judgment of the Licking County Municipal Court is affirmed.
Edwards, J., Boggins, P.J. and Gwin, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Municipal Court is affirmed. Costs assessed to appellant.