OPINION *Page 2 
{¶ 1} Defendant-Appellant, Scott Winland, appeals his conviction and sentence by the Licking County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} This matter arises from a traffic stop that occurred on June 30, 2006. In the early morning of June 30, 2006, Deputy Randy Morton of the Licking County Sheriff's Department was patrolling the area of Brownsville Road in Hanover Township. Deputy Morton observed a vehicle drive left of center numerous times and go off the right of the road on Brownsville Road, a marked road. The vehicle made a left turn onto Brushy Fork Road and Deputy Morton stated that he witnessed the vehicle almost hit the concrete guardrails on the bridge. Based upon his observations, Deputy Morton initiated a traffic stop of the vehicle. The vehicle pulled off the road and partly into a small ditch.
 {¶ 3} When Deputy Morton approached the vehicle and made contact with Appellant, the driver of the vehicle, Deputy Morton testified that he noticed a moderate odor of alcohol. Deputy Morton asked Appellant to exit the vehicle. When Appellant exited the vehicle, Deputy Morton saw that Appellant used the vehicle for balance.
 {¶ 4} Deputy Morton asked Appellant to submit to standardized field sobriety tests. Appellant told Deputy Morton that he could not perform the physical tests because of prior injuries. Deputy Morton administered the Horizontal Gaze Nystagmus ("HGN") test upon Appellant and during the administration of the test, the deputy observed the maximum number of clues. Because Appellant could not perform the physical tests, Deputy Morton asked Appellant to submit to the "finger to nose" test and *Page 3 
to recite the alphabet. Appellant had difficulty reciting the alphabet and was not able to touch his nose with one of his hands.
 {¶ 5} Based on the results of the sobriety tests, Deputy Morton placed Appellant under arrest for Operating a Vehicle Under the Influence of Alcohol ("OVI"). Appellant was transported to the Licking County Justice Center where Deputy Morton requested that Appellant submit to a breath-alcohol test. Appellant submitted to the test and the test indicated that Appellant had an alcohol content of 0.174 by grams of weight of alcohol per deep lung breath.
 {¶ 6} While at the Justice Center, Deputy Morton discovered that Appellant was driving under suspension due to a prior OVI conviction on February 3, 2005. Deputy Morton cited Appellant for OVI in violation of R.C. 4511.19(A)(1)(a), Driving Under Suspension ("DUS") in violation of R.C. 4510.11 and Prohibited Lane Usage in violation of R.C. 4511.33.
 {¶ 7} Appellant originally entered a plea of not guilty to the charges at his arraignment. Appellant filed Motions to Suppress and Dismiss which were scheduled for hearing on September 9, 2006. At the hearing, Appellant stated that he would withdraw the pending motions and change his plea on the charged offenses. At the change of plea hearing, however, Appellant indicated to the trial court that he did not want to change his plea on the charged offenses.
 {¶ 8} On October 30, 2006, Appellant was served with a citation charging him with a violation of R.C. 4511.19(A)(1)(h), Operating a Vehicle with a Prohibited Alcohol Content. *Page 4 
 {¶ 9} The matter proceeded to a jury trial on January 25, 2007. At trial, Appellant testified on his own behalf. He testified that he had not consumed any alcoholic beverages before operating his vehicle. He further stated that he had been sleeping in his vehicle immediately before being pulled over by Deputy Morton.
 {¶ 10} At trial, the State introduced exhibits that demonstrated that Appellant was convicted of a prior OVI and based upon that conviction, Appellant's operator's license had been suspended for two years commencing on February 3, 2005. When Appellant appealed his conviction and sentence, the trial court stayed his sentence. Accordingly, the BMV erased his suspension in December 2005. Appellant obtained a valid operator's license that same month. When this court affirmed Appellant's conviction and sentence in State v. Winland, Licking County, Case No. 2005CA00025, 2006-Ohio-55, the trial court re-sentenced Appellant and re-imposed the license suspension on January 27, 2006. Appellant stated he was at the courthouse during his re-sentencing, but waited in the hall while his attorney appeared at the hearing.
 {¶ 11} Appellant testified that he was unaware that his license suspension had been re-instated. While the BMV records showed that a notice of the re-issuance of the suspension had been sent to Appellant on March 1, 2006, Appellant testified that he had also received a notice from the BMV on March 8, 2006 notifying him that he had accumulated six points based upon the re-imposition of his sentence on January 27, 2006. The top of the notice stated, "THIS IS A WARNING NOT A SUSPENSION." The trial court sustained the State's objection to the introduction of the document based upon hearsay grounds. *Page 5 
 {¶ 12} During the trial, the State moved to amend the DUS charge under R.C. 4510.11 to a charge of Driving Under an OVI Suspension in violation of R.C. 4510.14. The trial court granted the motion without objection. The trial court did not amend the jury instructions to reflect the change.
 {¶ 13} The jury found Appellant not guilty on the charge of Operating a Vehicle with a Prohibited Blood Alcohol Content. The jury found Appellant guilty of OVI and Operating a Vehicle Under a Suspended License. The trial court found Appellant guilty on the charge of Prohibited Lane Usage.
 {¶ 14} Appellant now raises four Assignments of Error:
 {¶ 15} "I. THE TRIAL COURT ERRED BY FAILING TO INSTRUCT THE JURY ON THE CHARGE OF DRIVING UNDER AN OVI SUSPENSION, THEREBY INVALIDATING THE JURY'S GUILTY VERDICT ON THE CHARGE OF DRIVING UNDER A SUSPENDED LICENSE.
 {¶ 16} "II. THE TRIAL COURT ERRED BY EXCLUDING TESTIMONY AND EVIDENCE THAT THE DEFENDANT HAD BEEN INFORMED THAT HE HAD A VALID DRIVER'S LICENSE.
 {¶ 17} "III. THE EVIDENCE AGAINST THE APPELLANT WAS INSUFFICIENT TO SUSTAIN A JURY VERDICT OF GUILTY ON THE CHARGE OF OVI AND APPELLANT'S CONVICTION FOR OVI WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 18} "IV. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS IS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION." *Page 6 
 I. {¶ 19} Appellant first argues the trial court committed plain error by instructing the jury on the charge of R.C. 4510.11, Driving Under Suspension, instead of the amended charge of R.C. 4510.14, Driving Under OVI Suspension. We disagree.
 {¶ 20} Appellant did not object to the trial court's jury instructions. Based upon Appellant's failure to object to the instructions and bring the issue to the trial court's attention for consideration, we must address this assignment under the plain error doctrine. State v. Williford (1990), 49 Ohio St.3d 247. In order to prevail under a plain error analysis, Appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. State v. Long (1978), 53 Ohio St.2d 91; Crim.R. 52(B). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Long, at paragraph three of the syllabus.
 {¶ 21} R.C. 4510.14 provides in pertinent part,
 {¶ 22} "No person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended under section 4511.19, 4511.191, or 4511.196 of the Revised Code or under section 4510.07 of the Revised Code for a conviction of a violation of a municipal OVI ordinance shall operate any motor vehicle upon the public roads or highways within this state during the period of the suspension."
 {¶ 23} The jury instructions in the present case stated,
 {¶ 24} "1. The defendant is charged with operating a motor vehicle with a suspended license. Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the 30th day of June, 2006, and in the Licking County, *Page 7 
Ohio, the defendant operated a motor vehicle on public roads and highways while the defendant's driver's license was suspended."
 {¶ 25} Upon a review of the record, we find that the outcome of the trial would not have been different if the trial court had used the instruction for R.C. 4510.14. The only testimony at trial regarding a license suspension was as a result of Appellant's prior conviction for OVI. The State presented at trial a certified copy of the judgment entry convicting Appellant of OVI and the judgment entry imposing the sentence, a two-year license suspension. The State also introduced a certified copy of Appellant's driving record from the BMV showing the suspension from his conviction for OVI. Appellant testified that he was convicted of an OVI offense in 2005 and his license was suspended as a result. (Tr. 87, 92).
 {¶ 26} We find, therefore, the different instruction would not have changed the outcome of the trial. Appellant's first Assignment of Error is overruled.
 II. {¶ 27} Appellant next argues the trial court erred by excluding evidence that demonstrated Appellant was unaware his license was suspended.
 {¶ 28} Initially, we note that the decision to admit or exclude relevant evidence is within the sound discretion of the trial court.State v. Bey (1999), 85 Ohio St.3d 487, 490, 709 N.E.2d 484, 490. The trial court's decision to admit or exclude relevant evidence cannot be reversed absent an abuse of that discretion. See, e.g., State v.Combs (1991), 62 Ohio St.3d 278, 581 N.E.2d 1071; State v. Sage (1987),31 Ohio St.3d 173, 510 N.E.2d 343; State v. Rooker (Apr. 15, 1993), Pike App. No. 483, unreported. The term "abuse of discretion" implies more than an error of law or *Page 8 
judgment. Rather, the term suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. See, e.g., State v.Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715; State v. Montgomery
(1991), 61 Ohio St.3d 410, 575 N.E.2d 167. Furthermore, when applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re JaneDoe 1 (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181 (citing Berk v.Matthews (1990), 53 Ohio St.3d 161, 359 N.E .2d 1301).
 {¶ 29} In the present case, Appellant argued that he was unaware that his license had been suspended because he had received a notice from the BMV on March 8, 2006 notifying Appellant that he had six points on his license. Appellant attempted to introduce the notification as an exhibit. The trial court sustained the State's objection to the admissibility of the notification on hearsay grounds based upon the notification's lack of certification or authentication. (Tr. 105). The trial court also excluded testimony from Appellant based upon hearsay grounds that prior counsel had informed Appellant that his license was valid. (Tr. 90).
 {¶ 30} Evid.R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Appellant argues that hearsay did not apply to the proffered evidence because the evidence was not being offered for the truth of the matter asserted, but to establish that Appellant was unaware that his license was suspended.
 {¶ 31} This court has held that "although actual knowledge of suspension is not an element of driving under suspension pursuant to the statutory definition, a person should not be convicted of that offense when he has no way of knowing that his *Page 9 
operator's license is suspended." State v. Webb (Mar. 25, 1998), Licking App. No. 97-CA-107 citing State v. Gilbo (1994), 96 Ohio App.3d 332,338, 645 N.E.2d 69, 72-73. "It would be fundamentally unfair to convict a defendant for driving under suspension when he has not been given notice that his license has been suspended; therefore, a notice element is inferred in the offense of driving under of suspension. Id. AccordState v. Iceman (Aug. 31, 1990), Ashland App. No. CA-960, unreported, 1990 WL 127943." Id.
 {¶ 32} We further stated, "where the state proves that the established procedure for giving notice was followed, a rebuttable presumption is created that the defendant received notice. However, the defendant can then rebut this presumption with evidence that he did not receive notice. The trier of fact will then determine whether the presumption was effectively rebutted, based on the credibility of the witnesses."Webb, supra.
 {¶ 33} We find the trial court did not abuse its discretion when it sustained the State's objections and did not admit the uncertified BMV document into evidence or allow Appellant to testify as to what his attorney may have said to him in regards to his license suspension. Pursuant to Webb, Appellant testified regarding the contents of the March 8, 2006 BMV notification and his understanding of the notification. (Tr. 88). It was the jury's duty then to determine whether they found Appellant to be credible.
 {¶ 34} Appellant's second Assignment of Error is overruled.
 III. {¶ 35} Appellant next argues his conviction for OVI was against the manifest weight of the evidence and not supported by sufficient evidence. We disagree. *Page 10 
 {¶ 36} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 {¶ 37} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 38} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172,175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1. *Page 11 
 {¶ 39} R.C. 4511.19 states in pertinent part: "(A)(1) No person shall operate any vehicle, * * *, if, at the time of the operation, any of the following apply: (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 40} While on Brownsville Road, Deputy Morton was driving behind Appellant. Deputy Morton testified that he observed Appellant swerve left of center numerous times and off the right side of the roadway. (T. 22). Appellant made a very wide left turn onto Brushy Fork Road and almost hit the concrete guardrails of the bridge. Id. Deputy Morton pulled Appellant's vehicle over and when Deputy Morton made contact with Appellant in Appellant's vehicle, Deputy Morton noticed a moderate odor of an alcoholic beverage coming from the vehicle. (T. 25).
 {¶ 41} Based upon his observations, Deputy Morton asked Appellant to perform field sobriety tests. (T. 26). Appellant was only able to perform the HGN test because he stated he had past injuries that rendered him unable to perform the one-leg-stand and the walk-and-turn tests. Id. Deputy Morton observed six out of the six clues in the HGN test. (T. 27-31).
 {¶ 42} Because of Appellant's inability to perform the other standardized field sobriety tests, Deputy Morton also asked Appellant to recite the alphabet and perform the finger-to-nose test. (T. 31-32). Deputy Morton testified that he was aware that these were nonscientific standardized field sobriety tests. Id. Deputy Morton testified that Appellant attempted to recite the alphabet three times and could not recite the alphabet without error, although the officer could not recall the specific error. (T. 31). When Appellant performed the finger-to-nose test, he missed his nose with his right hand. (T. 32). It has been held that "a law enforcement officer may testify at trial *Page 12 
regarding observations made during a defendant's performance of nonscientific standardized field sobriety tests." State v. Allen, Licking App. No. 05 CA 10, 2006-Ohio-30, at ¶ 16, citing State v.Schmitt, 101 Ohio St.3d 79, syllabus, 2004-Ohio-37.
 {¶ 43} Based upon Appellant's driving, the odor of alcohol, and the results of the tests, Deputy Morton determined Appellant was under the influence of alcohol. (T. 34).
 {¶ 44} Based on our review of the record, we find that, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that Appellant operated his vehicle under the influence of alcohol. We further find that the jury, in convicting Appellant, did not lose its way so as to create a manifest miscarriage of justice.
 {¶ 45} Appellant's third Assignment of Error is overruled.
 IV. {¶ 46} Appellant argues in his final Assignment of Error that Appellant was denied effective assistance of counsel for his trial counsel's failure to object to the jury instruction for Driving Under Suspension and failing to move for an acquittal pursuant to Crim.R. 29. We disagree.
 {¶ 47} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. *Page 13 
 {¶ 48} First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect.
 {¶ 49} As stated above, this requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998),81 Ohio St.3d 673, 675, 693 N.E.2d 267.
 {¶ 50} Appellant first argues that his trial counsel was ineffective for failing to object to the trial court's jury instruction for Driving Under Suspension. Since we have found in Appellant's first Assignment of Error that the outcome of this case would not have clearly been different but for Appellant's trial counsel failing to object to the jury instruction, we cannot find that the result of Appellant's trial would have been different had his trial counsel objected to the jury instruction. Thus, even if we were to find deficient performance in the trial counsel's failure to object, such alleged deficiency did not rise to the level of ineffective assistance of counsel since a probable difference in the trial's result cannot be established.
 {¶ 51} Appellant next argues his trial counsel was ineffective for failing to move for a Crim.R. 29 directed verdict. Failure to move for an acquittal under Crim.R. 29 is not ineffective assistance of counsel, where the evidence in the State's case *Page 14 
demonstrates that reasonable minds can reach different conclusions as to whether the elements of the charged offense have been proved beyond a reasonable doubt, and that such a motion would have been fruitless.State v. Adams (August 24, 2001), Hamilton App. Nos. C-000388, C-000389, and C-000390. In ruling on a Crim.R. 29 motion for acquittal, the trial court is obligated to view the evidence in a light most favorable to the prosecution. State v. Miley (1996), 114 Ohio App.3d 738, 648 N.E.2d 102, citing State v. Bridgeman (1978), 55 Ohio St.2d 261, 263,381 N.E.2d 184, 185.
 {¶ 52} In reviewing a challenge to the sufficiency of the evidence, we must determine whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that the state had proven the essential elements of the crime beyond a reasonable doubt. See State v. Jenks (1991), 61 Ohio St.3d 259, 273,574 N.E.2d 492. As is clear from the analysis under the third Assignment of Error, the standard for Crim.R. 29 motion is the same as the standard used in a challenge to the sufficiency of the evidence.
 {¶ 53} Based on our analysis of the sufficiency of evidence above, the elements were proved beyond a reasonable doubt. Accordingly, there was not ineffective assistance of counsel.
 {¶ 54} Appellant's fourth Assignment of Error is overruled. *Page 15 
 {¶ 55} Accordingly, the judgment of the Licking County Municipal Court is affirmed.
By: Delaney, J. Gwin, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Municipal Court is affirmed. Costs assessed to appellant. *Page 1